IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 13-282 |
| | ) | |
| BRUCE BROWN | ) | |

**OPINION and ORDER ON PETITION FOR
COMPASSIONATE RELIEF DUE TO COVID-19**

By letter dated June 13, 2020, and docketed on June 23, 2020, Defendant Bruce Brown filed a pro se "Compassionate Release Petition due to COVID-19." ECF No. 28. Although not specifically cited in his pro se motion, Defendant is seeking compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Brown submits that release is warranted because he has only 20 months left to serve of his original 120-month sentence, he has never committed acts of violence, he has a viable home release plan with plans to reopen his business, and he has an increased risk of complications due to his medical conditions should he contract the COVID-19 virus. The government opposes Defendant's request for release because Defendant failed to exhaust administrative remedies and he cannot show "extraordinary and compelling reasons." ECF No. 31. For the reasons set forth below, Defendant's Petition will be denied.

I. **Exhaustion of Administrative Remedies**

Pursuant to section 3582(c)(1)(A) a defendant may bring a compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring the motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

3582(c)(1)(A).  The Warden denied Defendant's May 2, 2020 request for compassionate release on May 11, 2020, because Defendant did not have a terminal disease.  ECF No 31-2.  The instant Petition was filed on June 23, 2020, which is more than 30 days from May 11, 2020.  The government acknowledges that thirty days has passed since the Warden denied Defendant's request for release, but argues Petition is not ripe because the denial was based on Mr. Brown not having a terminal disease, not "on medical records regarding whether the Defendant had a debilitating medical condition."  ECF No. 31, at 4.  The distinction pointed out by the government has no effect on whether Defendant's Petition's is ripe since it was filed after "the lapse of 30 days from [the Warden's] receipt of [Defendant's] request" for compassionate release."  18 U.S.C. § 3582(c)(1)(A).  The statute "'requires the defendant *either* to exhaust administrative remedies *or* simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court.'"  *United States v. Somerville*, Cr. No. 12-225, Opinion, May 29, 2020, at 8, ECF No. 93 (quoting *United States v. Haney*, No. 19-541, 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020) (emphasis added).  Therefore, because thirty days have passed since Defendant's request to the Warden for compassionate release, his Petition is ripe and the Court has jurisdiction over Defendant's Motion.

**II.     Background**

On November 13, 2013, Defendant waived prosecution by Indictment before the Honorable Terrence F. McVerry (ret.) and entered a plea of guilty to a one-count Information charging him with Possession with Intent to Distribute one Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 8461(a)(1) and 841(b)(1)(A)(i).  Cr. No. 13-282, ECF Nos. 20 & 21.  He was sentenced that same day to a period of 120 months' imprisonment, to be followed by 5 years' supervised release.  Cr. No. 13-282, ECF No. 22.  Defendant is incarcerated at the Federal

Correctional Institution at Loretto, Pennsylvania. According to the Bureau of Prisons, his expected release date is March 14, 2022.

Mr. Brown is 55 years of age. His stated medical conditions are uncontrolled hypertension, borderline diabetes, and severe allergies. He states that, were he to contract COVID-19 while confined at FCI-Loretto, he would be unable to quarantine or take appropriate recommended Centers for Disease Control ("CDC") COVID-19 virus risk reduction and prevention self-care measures. As such, he requests that he be released to home-confinement at his residence in McKeesport, Pennsylvania, where he would support himself by reopening his gym business.[1] He states that he is a good candidate for home confinement, because he has never committed acts of violence in or out of prison, he has had no incident reports or misconduct while incarcerated, and he would be a viable citizen upon release.

The government maintains that Mr. Brown's medical conditions do not qualify as serious medical conditions establishing extraordinary and compelling reasons for release. ECF No. 31, at 4-5. The government argues that, even if Mr. Mason qualified for compassionate release, the section 3553(a) factors, specifically, the crime for which he is currently incarcerated, do not favor release.

### III. Analysis

#### A. Applicable Law

The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), provides, in relevant part:

**(c) Modification of an Imposed Term of Imprisonment.** —The court may not modify a term of imprisonment once it has been imposed except that—

**(1)** in any case—

---

[1] In his request for compassionate release submitted to the Warden he stated he would support himself with income from his rental properties. ECF No. 31-1, at 2.

> **(A)** the court, . . . upon motion of the defendant . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing Commission's applicable policy statement, which provides in relevant part that, after considering the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

> (1)  (A) Extraordinary and compelling reasons warrant the reduction; . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).

The Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. Brown does not meet any of these medical parameters.[2] The Commentary, at

---

[2] Identified medical circumstances are: that the defendant is suffering from a terminal illness; that the defendant is suffering from a serious physical or medical condition; that the defendant has a serious functional or cognitive impairment; or that the defendant's deteriorating physical or mental health, due to aging, substantially diminishes his ability for self-care. U.S.S.G. § 1B1.13, comment (n.1(A)). Said Commentary, at Subsection (B), provides that extraordinary and compelling reasons exist where the defendant is at least 65 years of age, has served at least 10 years or 75 percent of his term of imprisonment, and the defendant is experiencing a serious deterioration in physical or mental health due to aging,. U.S.S.G. § 1B1.13, comment (n.1(B)). Subsection (C) concerns family circumstances not applicable in this case. U.S.S.G. § 1B1.13, comment (n.1(C)).

subsection (D), provides a catch-all provision, permitting release where there exists an extraordinary and compelling reason other than, or in combination with, the reasons set forth within the other Commentary sections. U.S.S.G. § 1B1.13, comment (n.1(D)).

**B. Discussion**

    **1. Section 3553(a) Factors**

Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission's Policy Statement, a Court may reduce a defendant's sentence "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, p.s. This Court did not sentence Mr. Brown. Ordinarily, the Court would have access to the same materials available to the sentencing Court at the time of sentencing, such as a Presentence Investigation Report ("PSR"), sentencing memorandum by the defendant and the government, and other materials submitted at the time of sentencing. In this case, Mr. Brown waived prosecution by indictment and preparation of a PSR. Therefore, the Court has no information regarding Mr. Brown's background and criminal history. The government asserts that the Defendant is a danger to the community based solely on his offense of conviction. ECF No. 31, at 5. Mr. Brown's drug trafficking crime, involving over one kilogram of heroin, is a serious offense, which is further supported by his lengthy prison sentence of 120 months. In contrast, Mr. Brown's prompt agreement to waive prosecution by indictment and proceed directly to a plea and sentence indicates an acceptance of responsibility that saved the government from expending valuable resources. In addition, the government does not dispute Mr. Brown's assertions that he has not otherwise committed an act of violence, that he has had no infractions while incarcerated, and that he has an extended family support system awaiting him if he is released. Under such circumstances full assessment of the section 3553(a) factors is

not possible. Therefore, the Court will proceed to consideration of whether extraordinary and compelling reasons exist to warrant a reduction of Mr. Brown's sentence.

### 2. Extraordinary and Compelling Reasons

Mr. Brown must demonstrate "extraordinary and compelling reasons" for compassionate release. As discussed above, the Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Under such circumstances, he has not demonstrated "extraordinary and compelling reasons."

Mr. Brown cites his uncontrolled hypertension, borderline diabetes, and severe allergies as conditions that satisfy the "extraordinary and compelling reasons" standard under § 3582(c)(1)(A)(i), as elaborated by the Sentencing Commission in U.S.S.G. § 1B1.13, because it places him at higher risk for complications should he contract the virus. The CDC indicates that persons with hypertension "might be at an increased risk for severe illness from COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). However, the CDC's statement is based on "mixed evidence."[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html Although Mr. Brown claims his hypertension is "uncontrolled," there is no evidence to support this statement. Mr. Brown's prison medical record dated April 20, 2020, submitted by the government, indicates that Mr. Brown does have hypertension, but does not indicate that it is uncontrolled. ECF No. 31-3. In his request for compassionate release, as submitted to the

---

[3] Mixed evidence is defined as "multiple studies that reached different conclusions about risk associated with the condition." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html

Warden, he states that he is taking amlodipine, which is a medication used to treat hypertension. ECF No. 31-1.  Mr. Brown's medical record dated January 10, 2020, indicates that he has no history of diabetes.  ECF No. 31-4.  His asserted borderline diabetes is not a condition that increases his risk of severe illness from COVID-19.  The CDC indicates that persons with Type 2 diabetes are at an increased risk of severe illness from the virus, and persons with Type 1 diabetes may be at increased risk, but does not address persons with borderline diabetes. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#diabetes.  The CDC also does not address persons with severe allergies as presenting an increased risk of severe illness from COVID-19.  The Court finds that, although Mr. Brown's hypertension might place him at risk of severe illness if he contracts COVID-19, his medical conditions do not qualify as extraordinary and compelling release for compassionate release.

Finally, the catchall, "other reasons" from the Sentencing Guidelines Commentary, USSG 1B1.13, comment (n1.(D)), does not justify Mr. Brown's release.  Importantly, Mr. Brown has not contracted the virus, despite there being sixteen active cases of COVID-19 reported at FCI-Loretto (seventeen inmates and six staff).  https://www.bop.gov/coronavirus/ (as of July 29, 2020).  The Court recognizes and considers the potential for Mr. Brown's exposure to the COVID-19 virus at FCI-Loretto.  Unfortunately, that potential exists anywhere in society. The Bureau of Prisons is taking the necessary steps and precautions to protect inmates from the spread of the COVID-19 virus.  https://www.bop.gov/coronavirus/covid19_status.jsp  In addition, there is no indication that Mr. Brown's medical needs are not being addressed at FCI-Loretto.  The Court is sympathetic to Mr. Brown's concerns about potential complications caused by COVID-19 should he contract the virus, specifically in light of his hypertension.

However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).  When considering all circumstances impacting Mr. Brown, even in combination, such do not constitute extraordinary or compelling reasons for compassionate release to home confinement.

    Accordingly, the Court denies Defendant's Motion.

    AND NOW, this 29th day of July, 2020, it is HEREBY ORDERED that Defendant's Compassionate Release Petition due to COVID-19, ECF No. 28, is DENIED.

> BY THE COURT:
>
> _____
> Marilyn J. Horan
> United States District Judge

cc:    Bruce Brown, pro se
      No. 06148-068
      FCI LORETTO
      FEDERAL CORRECTIONAL INSTITUTION
      P.O. Box 1000
      Cresson, PA  16630