IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.   )<br>)<br>BRUCE BROWN   ) | Criminal No. 13-282 |

**MEMORANDUM OPINION and ORDER**

On June 13, 2020 Defendant Bruce Brown filed a pro se "Compassionate Release Petition due to Covid-19" seeking release, in part, because his medical conditions allegedly placed him at an increased risk of complications should he contract the Covid-19 virus. ECF No. 28. After careful consideration, the Court denied Defendant's Motion. ECF No. 32. By letter dated December 9, 2020, and docketed on December 29, 2020, Defendant filed a Motion for Reconsideration of the July 29, 2020 Order due to changed circumstances. ECF No. 34. On January 8, 2021, the government filed a Response opposing the motion for reconsideration. ECF No. 38. For the reasons set forth below, Defendant's Motion for Reconsideration will be granted, but compassionate release following reconsideration will be denied.

I.   **Background**

On November 13, 2013, Defendant entered a plea of guilty to a one-count Information charging him with Possession with Intent to Distribute one Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 846(a)(1) and 841(b)(1)(A)(i). ECF Nos. 20 & 21. He was sentenced that same day to a period of 120 months' imprisonment, to be followed by 5 years' supervised release. ECF No. 22. Defendant is incarcerated at FCI-Loretto, Pennsylvania. According to the Bureau of Prisons, his expected release date is March 14, 2022. Defendant indicates that he is

approved for a September 2021 release to a residential reentry center or home confinement. ECF No. 34, at 2.

As noted, on July 29, 2020 this Court denied Mr. Brown's initial Motion for compassionate release, finding that he had not demonstrated "extraordinary and compelling reasons" to justify his release. ECF No. 32. The Court noted that Mr. Brown had not contracted the virus and that his medical conditions did not qualify as extraordinary and compelling. At that time, the number of Covid-19 cases at FCI-Loretto were relatively low; the Bureau of Prisons was taking the necessary steps and precautions to protect inmates from the spread of the Covid-19 virus; and there was no indication that Mr. Brown's medical needs were not being addressed. Id. The Court concluded that, considering all circumstances, even in combination, extraordinary or compelling reasons for compassionate release were not demonstrated. Id.

Presently, Mr. Brown seeks reconsideration based upon his representations of changes in circumstances from July 29, 2020, such that his release is now appropriate. He asserts that he has tested positive for Covid-19, he is not receiving medical care or attention, over 700 FCI-Loretto inmates and staff have tested positive for Covid-19, and FCI-Loretto is unable to manage the situation and protect inmates. ECF No. 34. As a result, he reports that he has "been experiencing symptoms of shortness of breath, runny nose and congestion, severe headache, fatigue and muscle spasms. He also presents that he has since had a home assessment and he has been approved for a residential reentry center or home confinement. ECF No. 34.

The Government has responded and agrees that Mr. Brown tested positive for Covid-19 in December and that at one time there were hundreds of positive cases at FCI-Loretto. The government has submitted, under seal, Mr. Brown's medical records from FCI-Loretto. Medical records (under seal), Ex. A at 11-12, 15-18 (ECF No. 39). It has also submitted documentation,

which reports that 709 inmates and 46 staff members have recovered at FCI-Loretto and that said facility currently reports one positive inmate case and sixteen positive staff member cases. https://www.bop.gov/coronavirus/.

## II.     Standard of Review

A party seeking reconsideration must show at least one (1) of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [dismissed the motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Motions for reconsideration are not designed to provide litigants a "second bite at the apple." Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).  "In the interest of finality at the district court level, motions for reconsideration should be granted sparingly; litigants are not free to retry issues the court already decided." Frederick Banks v. Merit Sys. Prot. Bd., et al., Nos. 16-61, 16-79, 16-80, 2016 WL 693135, at *1 (W.D. Pa. Feb. 22, 2016).

## III.     Discussion

Mr. Brown's alleged new evidence before the Court is that he has tested positive for Covid-19, his medical needs are not being addressed, he is not receiving adequate medical care, the number of positive Covid-19 cases has dramatically increased, and FCI-Loretto is presently failing in its responsibility to manage the situation.  All such assertions support that the Court revisit the issue of compassionate release.  A careful review of Mr. Brown's medical records from the relevant timeframe shows that, contrary to Mr. Brown's claims, he did not experience severe Covid-19 symptoms, his Covid-19 positive condition has resolved, and he received proper medical attention. Medical records (under seal), Ex. A at 11-12, 15-18 (ECF No. 39).  Specifically, Mr. Brown was seen daily from the

3

date of his positive test, December 7, 2020, through December 17, 2020, when his condition was marked "resolved." Id. at 11, 29.  With regard to the number of positive cases at FCI-Loretto, the government's information demonstrates that the inmate positive cases have dramatically reduced. https://www.bop.gov/coronavirus/   Finally, the government argues that Mr. Brown's risk for reinfection is extremely low. The Centers for Disease Control website concerning reinfection states: "Cases of reinfection with Covid-19 have been reported, but remain rare." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html; see also https://www.nature.com/articles/d41586-021-00071-6 (Jan 14, 2021) (reporting results from study where the "data suggest that repeat infections are rare — they occurred in fewer than 1% of about 6,600 participants").  Thus, the concerns presently raised by Mr. Brown, in conjunction with issues he presented in his original Motion, do not support compassionate release.

   Although Mr. Brown's Motion for Reconsideration has presented new information, such does not change the Court's prior decision that he should remain detained.  As set forth above, although Mr. Brown has tested positive for Covid-19, he did not experience severe symptoms and he recovered in approximately ten days.  FCI-Loretto confronted an increase of positive cases and thereafter managed the situation such that 755 inmates and staff are reported as recovered.  Mr. Brown's medical records do not support that Mr. Brown did not receive adequate and appropriate medical care.  Therefore, having considered Mr. Brown's new information and arguments for release, as well as having again reviewed the information from the time of Mr. Brown's original Motion, the court concludes that Mr. Brown's condition and present circumstances at FCI-Loretto do not change the Court's conclusion that compassionate release is not warranted.  For all of the above reasons, the Court declines to reverse the July 29, 2020 Order.

AND NOW, this 3rd day of February 2021, it is HEREBY ORDERED that Defendant's Motion for Reconsideration of the July 29, 2020 Order, ECF No. 34, is GRANTED. Upon reconsideration of Defendant's request for compassionate release, said request is DENIED.

BY THE COURT:

Marilyn J. Horan
United States District Judge

cc:   Bruce Brown, pro se
      No. 06148-068
      FCI LORETTO
      FEDERAL CORRECTIONAL INSTITUTION
      P.O. Box 1000
      Cresson, PA  16630